RECEIVED
SEP - 8 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

SHERMAN LEE SHERIDAN

VERSUS

CORRECTIONS CORP OF
AMERICA, ET AL.,

CIVIL ACTION NO. 1:10-cv-00648

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Plaintiff, Sherman Lee Sheridan, filed the instant lawsuit on April 19, 2010 pursuant to 42 U.S.C. §1983 alleging deliberate indifference to medical needs in violation of the Eighth Amendment.

On January 13, 2011, Louisiana State University Health Science Center-Shreveport ("LSU Shreveport"), the Louisiana State University Health Sciences Center - E.A. Conway Medical Center - Monroe ("E.A. Conway"), the Louisiana Department of Safety and Corrections ("DOC"), David Wade Correctional Center ("David Wade") and Forcht-Wade Correctional Center (Forcht Wade) filed a motion to dismiss (Doc. 55).[1] These defendants contend they are entities of the State of Louisiana who are immune from suit under the Eleventh Amendment. On February 9, 2011, plaintiff filed an opposition to the motion to dismiss (Doc. 57) and on February 9, 2011, defendants filed a reply thereto (Doc. 58).

The motion to dismiss is currently before the undersigned for

---

[1] Winn Correctional Center, Corrections Corporation of America, Dr. Pam Hearn and Jackson Parish Correctional Center were also named as defendant. On June 7, 2011, the parties' joint, voluntary motion to dismiss Jackson Correctional Center was granted (Doc. 65). None of the aforementioned defendants is a party to the instant motion.

Report and Recommendation.

## LAW AND ANALYSIS

The Eleventh Amendment to the U.S. Constitution bars all suits in law or equity against an unconsenting state. The State of Louisiana has not waived its Eleventh Amendment immunity from suits in federal court, and 42 U.S.C. § 1983 does not abrogate the states' immunity from suit in federal court. Edelman v. Jordan, 415 U.S. 651, 675-76 (1974); U.S.C.A. Const. Amend. 11; LSA-R.S. 13:5106; LSA-Const. Art. 12, § 10.

### LSU Shreveport and E.A. Conway

Defendants, LSU Shreveport and E.A. Conway, argue they each are an arm of the state and, as such, are entitled to Eleventh Amendment immunity.[2] The courts in the Western District of Louisiana have consistently held that the medical facilities, including LSU Shreveport and E.A. Conway, as entities in and of themselves, cannot be distinguished from the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board") as the Board is the operative arm.[3] The courts have also consistently held that the Board is an arm of the

---

[3] Boston v. Tanner, 29 F.Supp.2d 743 (W.D. La. 1998); Harris v. Louisiana State University Medical Center, 2006 WL 2054481 (W.D. La. 2006); McGuire v. Corrections Corporation of America, 2007 WL 1112680 (W.D. La. 2007); Darlak v. Bobear, 814 F.2d 1055 (5th Cir. 1987); Schuth v. Louisiana State University Medical Center, 1989 WL 65566 (E.D. La. 1989); Thomason v. Medical Center of Louisiana at New Orleans, 2001 WL 839030 (E.D. La. 2001); Hicks v. Page, 2010 WL 2243584 (W.D. La. 2010); Hill v. Lee, 2009 WL 1230011 (W.D. La. 2009).

State of Louisiana.[4] Accordingly, it and the medical facilities it owns and operates, enjoy sovereign immunity.

However, as pointed out by plaintiff, the Fifth Circuit held a case by case approach must be taken to determine whether the entity sued is in fact an arm of the state. Richardson v. Southern University, 118 F.3d 450, 542 (5th Cir. 1997), citing Farias v. Bexar County Bd. Of Trustees for Mental Health Mental Retardation Servs., 925 F.2d 866, 874 (5th Cir. 1991)(quoting Laje v. R.E. Thomason Gen. Hosp., 665 F.2d 724, 727 (5th Cir. 1982)). In order to make this determination, the Fifth Circuit set forth six factors to analyze: (1) whether state statutes and case law characterize the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity exercises; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property. Neuwirth v. Louisiana State Board of Dentistry, 845 F.2d 553, 556 (5th Cir. 1988), citing Minton v. St. Bernard Parish School Board, 803 F.2d 129, 131 (5th Cir. 1986).

The entities sued are LSU Shreveport and E.A. Conway and the first factor to consider is whether state statutes and law characterize these entities as arms of the state. Louisiana Revised Statute 17:1519.2 provides that the Board is designated as

---

[4] Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1 (1890)); Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 185-86 (5th Cir.1986); Dyess v. Louisiana State University Bd. of Supervisors, 2005 WL 2060915 (E.D.La.2005) (citations omitted).

3

the owner operator of several state hospitals and medical centers. LSU Shreveport and E.A. Conway are two of the listed facilities. Additionally, R.S. 17:1516, which provides for the establishment of LSU Shreveport, states the Board is responsible for the administration of LSU Shreveport's affairs.[5] Further, as previously noted, case law indicates both the Board and its hospitals and medical centers are on equal footing with respect to Eleventh Amendment immunity.

Accordingly, the statutes and case law support a finding that LSU Shreveport and E.A. Conway are arms of the state and enjoy sovereign immunity.

The second factor to consider is the source of entity funding. Plaintiff argues that because LSU Shreveport and E.A. Conway are "capable of earning what they need to operate", this factor weighs against Eleventh Amendment immunity. (Doc. 57, p.10) However, in the same sentence (and elsewhere in the opposition) plaintiff acknowledges funding of the hospitals and medical centers by the Louisiana Legislature.

In Richardson, the Fifth Circuit found that because Southern University received funds from the State of Louisiana and because a judgment against it would be paid with state funds, this factor weighed in favor of Eleventh Amendment immunity. Richardson, 118 F.3d at 455. See also Delahoussaye v. City of New Iberia, 937 F.2d

---

[5] Revised Statute 17:1518 provides for the merger of E.A. Conway with LSU Shreveport. While LSU Shreveport does have some authority to oversee E.A. Conway, the ultimate authority is left to the Board pursuant to R.S. 17:1716, 17:1517 and 17:1519.2.

4

144, 148 (5th Cir. 1991)(The fact the Board received funding from state as well as outside sources of funding weighed in favor of the University being an arm of the state). Because LSU Shreveport and E.A. Conway receive state funds and because the state is ultimately responsible for the payment of a judgment against them[6], this factor also weighs in favor of the two being arms of the state.

The third factor is the degree of local autonomy. In addition to R.S. 17:1516 which states the Board shall administer the affairs of LSU Shreveport, R.S. 17:1517 states that it "shall have authority to exercise all power to direct, control, supervise and manage LSU Shreveport...." Though 17:1518 does not discuss the authority of the Board over E.A. Conway, the fact that it is merged into LSU Shreveport who does not enjoy much, if any, autonomy renders it subject to the authority of the Board. As the Board enjoys very little autonomy from the state, the Board and its medical facilities should be considered arms of the state and thus immune from suit in federal court.

The fourth factor is whether the entity is concerned primarily with local, as opposed to statewide, problems. Revised statutes 17:1517 and 17:1518 state the purposes for establishing and operating LSU Shreveport and E.A. Conway. Those purposes are to maintain a teaching institution and provide healthcare for the indigent, uninsured, medically underserved and all others needing care in Louisiana. The statutes specifically state the residents

---

[6] Louisiana Constitutional Article 12, §10; <u>Sibley v. Board of Supervisors of LSU and Agricultural and Mechanical College</u>, 446 So.2d 760, 767 (La.App. 1st Cir. 1983).

of Louisiana are the concern, not the residents of certain municipalities or parishes. People from all parts of the state enjoy medical treatment at these medical centers. The establishment of the medical centers in various regions of the state is to accommodate the indigent and underserved who would not have the means to travel to New Orleans or Baton Rouge for medical care. Accordingly, this factor also weighs in favor of LSU Shreveport and E.A. Conway being arms of the state.

The fifth and sixth factors question whether the entity has authority to sue and be sued in its own name and whether it holds and uses property. While these two factors seem to weigh against LSU Shreveport and E.A. Conway, the courts have held that this will not preclude a finding that the entity is in fact an arm of the state. If all other findings point to the entity being an alter ego of the state, a finding that the entity is an arm of the state and entitled to immunity under the Eleventh Amendment is proper. Voisin's Oyster House, 799 F.2d at 187, Darlak, 814 F.2d at 1060; Thomason, 2001 WL 839030 (E.D. La. 2001) and Richardson, 118 F.3d at 456.

As the other four factors weigh in favor LSU Shreveport and E.A. Conway being arms of the state, they should be found to be such and immune from suit pursuant to the Eleventh Amendment.

Department of Correction and its prisons

Though plaintiff concedes the DOC and its prisons are arms of the state and immune from suit in federal court, it is worth noting the cases which have held the same.

6

In <u>Anderson v. Phelps</u>, 655 F.Supp. 560, 563-64 (M.D. La. 1985) and <u>Loya v. Texas Dept. of Corrections</u>, 878 F.2d 860 (5th Cir. 1989), the courts found the Department of Corrections to be an arm of the state and subject to Eleventh Amendment immunity.

Neither David Wade Correctional Center nor Forcht Wade Correctional Center are legal entities capable of being sued. Federal Rule of Civil Procedure 17(b) provides the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether these facilities have the capacity to sue or be sued and under Louisiana law. To possess that capacity one must qualify as a "juridical person". Louisiana Civil Code Article 24 provides that a juridical person is "... an entity to which the law attributes personality, such as a corporation or partnership."

A review of the Louisiana Secretary of State's corporation database suggests that neither David Wade nor Forcht Wade are corporations and, as such, not a juridical person. They are simply names of the prison buildings and grounds operated by the Department of Public Safety and Corrections. Plaintiff has failed to establish otherwise. Accordingly, the Department of Corrections, David Wade Correctional Center and Forcht Wade Correctional Center should be dismissed.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the motion to dismiss (Doc. 55) filed Louisiana State University Health Sciences Center-Shreveport, Louisiana State University Health

Sciences Center (E.A. Conway Medical Center)-Monroe, the Louisiana Department of Safety and Corrections; David Wade Correctional Center and Forcht-Wade Correctional Center BE GRANTED.

IT IS FURTHER RECOMMENDED that all claims against Louisiana State University Health Sciences Center-Shreveport, Louisiana State University Health Sciences Center (E.A. Conway Medical Center)-Monroe, the Louisiana Department of Safety and Corrections; David Wade Correctional Center and Forcht-Wade Correctional Center be dismissed without prejudice.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 8th day of September, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE